# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLIP O'BRIANT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-2457 |
| GAF CORPORATION and NIDIA VALENZUELA | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM

This Memorandum addresses plaintiff's summary judgment motion (ECF 16) and defendants' motion to dismiss. ECF 30. No hearing is necessary to resolve the motions. Local Rule 105.6.

Plaintiff Phillip O'Briant, who is self represented, sued defendants GAF Corporation ("GAF")[1] and Nidia Valenzuela, a GAF employee, under 42 U.S.C. § 1981 and unspecified Maryland employment law. In this case,[2] plaintiff complains that defendants failed to hire him on the basis of his race (African American). ECF 1. In particular, O'Briant alleges that he applied for employment with GAF on or about January 23, 2016, and again on October 17, 2016, and although he met the job qualifications, he was not selected for any position, even though it remained unfilled. Plaintiff submitted numerous exhibits with his suit.

---

[1] Defendant indicates that its correct name is Building Materials Manufacturing Corporation. *See*, *e.g.*, ECF 17 at 1.

[2] O'Briant is a frequent litigator in this Court. *See*, *e.g.*, GJH-18-2705; ELH-18-2750; GLR-18-2614; ; ELH-18-2099; GLR-18-1641; GLR-18-1324; JFM-16-2616.

Defendants answered the suit on September 26, 2018. ECF 6. An Amended Scheduling Order was docketed on October 19, 2018 (ECF 12), setting a discovery deadline of March 1, 2019. *Id.* at 3. In addition, the parties were directed to file a status report at the close of discovery. *Id.*

On January 10, 2019, plaintiff filed a pre-discovery motion for summary judgment. ECF 16 ("Summary Judgment Motion"). The Summary Judgment Motion is not supported by any exhibits, nor is it submitted under oath. Defendants filed an opposition (ECF 17), supported by a lengthy exhibit.

Thereafter, on February 27, 2019, defendants filed a pleading titled "Local Rule 104.7 Certification For Defendants' Motion To Compel Discovery Responses And Authorizations From Plaintiff, And Plaintiff's Deposition." ECF 18 ("Discovery Motion"). The Discovery Motion was followed by a status report from defendants (ECF 19), advising the Court that plaintiff failed to appear for his deposition on February 19, 2019, and otherwise failed to comply with his discovery obligations. The Court referred the matter of discovery to U.S. Magistrate Judge J. Mark Coulson for resolution.

In a Letter Order of April 4, 2019 (ECF 29), Judge Coulson granted in part and denied in part defendants' unopposed Discovery Motion. Judge Coulson determined that defendants' document request and interrogatories were relevant to the claims asserted by plaintiff, and reasonable, with the exception of a request for plaintiff's tax return. Judge Coulson found that "the record reflects persistent and reasonable attempts by the Defendants to hold the deposition [of plaintiff] and an unjustified blanket refusal by the Plaintiff to do so. Accordingly, Defendants' Motion as to Plaintiff's deposition is granted." In addition, he granted, *inter alia*, defendants' request related to plaintiff's employment records. With respect to plaintiff's conduct, Judge

Coulson explained, *id.* at 1: "Plaintiff may not initiate such a suit and then unilaterally refuse to participate in the discovery process."

Nevertheless, given plaintiff's pro se status, Judge Coulson did not grant defendant's request for sanctions. But, of import here, he gave plaintiff 30 days to comply with his Order regarding discovery.

Plaintiff subsequently appeared at his deposition on May 1, 2019. However, he refused to answer any questions. *See* ECF 30-7 at 4, p. 6-7. Consequently, defendants have moved to dismiss the case, pursuant to F.R. Civ. P. 41(b). ECF 30. The motion is supported by a memorandum (ECF 30-1) (collectively, "Motion to Dismiss") and several exhibits. Rule 41(b) provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ."

Defendant did not timely respond to the Motion to Dismiss. Therefore, the Court issued an Order on July 24, 2019 (ECF 32), directing plaintiff to advise the Court by August 13, 2019, as to whether he opposed the Motion to Dismiss. In addition, the Court directed plaintiff to contact defense counsel by August 9, 2019, to arrange for his deposition.

In response, plaintiff filed an opposition on August 5, 2019. ECF 33. There, plaintiff advised that he opposes the Motion to Dismiss, and he indicated that he did not engage in discovery because the Court has not ruled on his pending Summary Judgment Motion. *Id.* He also lodged a variety of criticisms about the judge. For example, he contends that the judge is "incompetent and unfit to sit on the bench" and has "engag[ed] in multiple criminal conspiracies . . . ." *Id.*

Defense counsel filed a status report on August 12, 2019. ECF 34. Defense counsel advised the Court that plaintiff failed to contact defense counsel to schedule his deposition.

Plaintiff's Summary Judgment Motion is clearly premature, and flies in the face of the Amended Scheduling Order. Indeed, the Fourth Circuit has made clear that, ordinarily, "[r]uling on a summary judgment motion before discovery 'forces the non-moving party into a fencing match without a sword or mask.'" *Putney v. Likin*, 656 (4th Cir. 2016) (per curiam) (quoting *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014)).

Moreover, valid court orders have been issued to plaintiff, directing him to comply with the discovery process. He has flouted those court orders, under the pretext of that he need not do so because his Summary Judgment Motion is pending.

Accordingly, plaintiff's Summary Judgment Motion shall be denied, as premature. The Court shall also deny the Motion to Dismiss, *without prejudice* to the right of the defense to refile it if plaintiff continues to disregard his obligation to participate in discovery. Plaintiff is forewarned that, in accordance with the Order that follows, the Court will afford him one final opportunity to comply with his discovery obligations; failure to do so will result in dismissal of the case.


Date: August 21, 2019                        /s/
                                             Ellen L. Hollander
                                             United States District Judge