IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT,
   *Plaintiff*,

v.

GAF CORPORATION, et al.,
   *Defendants*.

Civil Action No. ELH-18-2457

**MEMORANDUM**

The self-represented plaintiff, Phillip O'Briant, filed an employment discrimination suit in August 2018 against defendants GAF Corporation ("GAF")[1] and Nidia Valenzuela (ECF 1), alleging that GAF and Valenzuela, its Human Resources Manager, "intentionally discriminated against [him] based on his race in the recruiting and hiring process," in violation of 42 U.S.C. § 1981 and Maryland law. *Id*. at 16; *see also id.* at 13. Plaintiff, who is African-American, alleges that when he applied for employment with GAF on January 23, 2016, and again on October 17, 2016, he met the job qualifications, yet he was not selected for the positions, which remained open. *Id.* at 10-13. Plaintiff appended several exhibits to the suit.

Two motions are now pending. Defendants have filed a second motion to dismiss (ECF 38), supported by a memorandum (ECF 38-1) (collectively, the "Motion to Dismiss"), and several exhibits. ECF 38-2–ECF 38-9. They complain that plaintiff has refused to comply with his discovery obligations, despite several court orders, so as to warrant dismissal of the case. Plaintiff has responded in opposition. ECF 40 (the "Opposition"). Defendants have replied. ECF 41. In

---

[1] GAF asserts that its proper name is Building Material Manufacturing Corporation and that it was "incorrectly identified as 'GAF Corporation.'" ECF 17 at 1.

addition, plaintiff has filed his second prediscovery motion for summary judgment. ECF 42 (the "Summary Judgment Motion"). Defendants oppose the motion. ECF 43. Plaintiff did not reply, and the time to do so has expired.

No hearing is necessary to resolve the motions. See Local Rule 105.6. For the reasons that follow, I will deny plaintiff's Summary Judgment Motion and I will grant the Motion to Dismiss, without prejudice.

## I.     Factual and Procedural Background

As noted, suit was filed in August 2018. ECF 1. On October 19, 2018, the Court entered an amended scheduling order. ECF 12. It set a deadline of March 1, 2019, for completion of discovery. *Id.* at 3. It also established the date of April 1, 2019, for the filing of dispositive motions. *Id.* at 4.

On November 30, 2018, defendants served plaintiff with their "First Set of Interrogatories" and "First Request for Production of Documents." *See* ECF 18-1 at 32–56.[2] In response, plaintiff produced some documents but, according to defendants, he provided incomplete production and responses to the interrogatories. ECF 38-1 at 1; *see* ECF 18-1 at 68–71.

Plaintiff filed his first motion for summary judgment on January 10, 2019, which was about two months before the discovery deadline that was then in effect. ECF 16 ("First Summary Judgment Motion"). The First Summary Judgment Motion was not supported by any exhibits, nor was it submitted under oath. *Id.* Defendants filed an opposition (ECF 17), supported by an exhibit. By Memorandum (ECF 37) and Order of August 21, 2019 (ECF 36), I denied the First Summary Judgment Motion, on the ground that it was premature.

---

[2] The exhibits contained in ECF 18-1 were attached to defendants' motion to compel, discussed *infra*. ECF 18.

In the interim, defense counsel wrote to plaintiff on January 15, 2019, outlining the deficiencies in plaintiff's discovery responses and asking for plaintiff's availability to schedule his deposition. ECF 18-1 at 73–78. In an email of January 15, 2019, Mr. O'Briant stated, in part: "There is nothing for us to further discuss." *Id.* at 88. Thereafter, on January 22, 2019, defendants issued a "Notice of Deposition," scheduling plaintiff's deposition for February 19, 2019. *Id*. at 90–93. In response, plaintiff emailed defense counsel, stating that he "will not be answering any questions or attending any deposition hearings in the future." *Id*. at 95. In fact, Mr. O'Briant did not appear for his deposition on February 19, 2019. ECF 18-2 at 3.

Soon after, on February 27, 2019, defendants filed a "Motion to Compel Discovery Responses and Authorizations," pursuant to Local Rules 104.7 and 104.8 (ECF 18-1 at 7–9) ("Motion to Compel"). The Motion to Compel is supported by a certification of counsel (ECF 18) and numerous exhibits. Accordingly, on March 1, 2019, the Court referred this case to United States Magistrate Judge J. Mark Coulson for all discovery matters. ECF 20.

By Order of March 18, 2019 (ECF 24), I extended the deadline for the filing of dispositive motions to 45 days after completion of discovery. And, in an Order of March 18, 2019 (ECF 25), Judge Coulson extended until April 1, 2019, the deadline for plaintiff to respond to defendants' Motion to Compel. However, plaintiff did not respond. *See* Docket; *see also* ECF 38-1 at 2.

In an Order of April 4, 2019 (ECF 29), Judge Coulson granted in part and denied in part the Motion to Compel. He determined that plaintiff's answers to defendants' interrogatories were insufficient, adding: "Plaintiff may not initiate such a suit and then unilaterally refuse to participate in the discovery process." *Id*. at 1. Further, he noted the "persistent and reasonable attempts by the Defendants to hold the deposition and an unjustified blanket refusal by the Plaintiff to do so." *Id*. at 2. Therefore, he granted defendants' Motion to Compel with respect to defendants' request

for production of documents, interrogatories, and the deposition of plaintiff. *Id.* Of relevance here, Judge Coulson ordered plaintiff to comply within 30 days. *Id.*

In view of plaintiff's pro se status, however, Judge Coulson denied defendants' request for monetary sanctions. *Id.* However, he warned plaintiff that he "would be willing to reconsider the appropriateness of such sanctions" should plaintiff "continue to refuse the Defendants' reasonable discovery requests[.]" *Id.*

In an email of April 10, 2019 (ECF 38-2 at 2), defense counsel requested plaintiff's revised discovery responses and provided proposed dates for plaintiff's deposition. Plaintiff responded via email on April 10, 2019. *Id.* at 2–3. Plaintiff acknowledged that he received defendants' request for his deposition but declined to indicate his availability. *Id.* As a result, on April 22, 2019, counsel for defendants issued a "Notice of Deposition," scheduling plaintiff's deposition for May 1, 2019. ECF 38-4 at 4.

Plaintiff sent an email to defense counsel on April 29, 2019 (ECF 38-5), stating that he "does not agree" with Judge Coulson's Order of April 4, 2019. *Id.* at 2. Further, he asserted that "the Judges have engaged in conspiracy criminal conduct," threatened criminal charges and another suit, and attached a "writ of mandamus that will be mailed to the U.S. Supreme Court . . . ." *Id.* And, he stated: "Plaintiff will not be answering any questions on 1 May 2019 . . . ." *Id.*

Mr. O'Briant appeared for his deposition on May 1, 2019. ECF 38-1 at 3; ECF 38-7. However, he stated that he attended only for "settlement" and that he "didn't come to answer no questions." ECF 38-1 at 3–4; ECF 38-7 at 4, p. 6. Plaintiff explained that he had filed a summary judgment motion in January 2019, and the court "never rendered their decision." ECF 38-7 at 4, p.7. He added: "So that's why I won't answer no question today." *Id.*, p. 8. When defense

4

counsel told plaintiff that defendants were not engaging in settlement negotiations that day, plaintiff immediately left the deposition. ECF 38-1 at 4; ECF 38-7 at 5, pp. 10–11.

Defendants filed their first motion to dismiss on May 14, 2019, pursuant to Fed. R. Civ. P. 41(b), alleging plaintiff's failure to prosecute his case and failure to comply with orders of this Court. ECF 30 ("First Motion to Dismiss"). Plaintiff failed to timely respond to the First Motion to Dismiss. Therefore, by Order of July 24, 2019 (ECF 32), I directed plaintiff to advise the Court as to whether he opposed defendants' motion. *Id.* at 2. I also directed plaintiff to contact defense counsel to arrange for his deposition. *Id.* Thereafter, plaintiff filed a belated opposition. ECF 33. He complained that I had not ruled on his First Summary Judgment Motion; I failed to abide by the Maryland Constitution; and I have deprived him of due process and equal protection. *Id.*[3]

Defendants submitted a status report on August 12, 2019. ECF 34. They advised that plaintiff had not yet scheduled his deposition. *Id.*

As noted, on August 21, 2019, I denied plaintiff's First Summary Judgment Motion. ECF 36; ECF 37. I explained that the First Summary Judgment Motion was "clearly premature . . . ." ECF 37 at 4. And, I pointed out that plaintiff had been directed "to comply with the discovery process." *Id.* I also denied, without prejudice, defendants' First Motion to Dismiss. *Id.* But, I stated that the defense could "refile [the motion to dismiss] if plaintiff continues to disregard his obligation to participate in discovery." *Id.* Of import here, I also said: "Plaintiff is forewarned

---

[3] Plaintiff asserts, *inter alia*, that I did not comply with the provisions of Article IV, Section 23 of the Maryland Constitution. It states: "The Judges of the respective *Circuit Courts* of this State shall render their decisions, in all cases argued before them, or submitted for their judgment, within two months after the same shall have been so argued or submitted." (Emphasis added). Clearly, I do not sit on a State circuit court, and this provision has no application in federal court. Even if this provision applied in federal court, however, plaintiff is mistaken about its construction. The Maryland Court of Appeals has "long held [this] provision[] to be directory and not mandatory." *Maryland State Bar Ass'n, Inc. v. Hirsch*, 274 Md. 368, 374, 335 A.2d 108, 111 (1975).

that . . . this Court will afford him one final opportunity to comply with his discovery obligations; failure to do so will result in dismissal of the case." *Id.*

In their Motion to Dismiss, which is the second such motion, defendants note that, as of September 4, 2019, plaintiff "has not contacted defense counsel to arrange for his deposition and has not complied with any other aspects of Judge Coulson's discovery order of April 4, 2019." ECF 38-1 at 5. Defendants submitted as an exhibit an email from plaintiff dated August 26, 2019, in which he stated that I denied the First Summary Judgment Motion "under the false pretext that it was filed with the court prematurely." ECF 38-9 at 2. Further, he stated that he "does not agree" with this Court's ruling. *Id*. He claimed the ruling was "erroneous" and, of relevance here, he asserted that he "does not have to engage in further litigation with defendant at this point. . . ." *Id.* at 3.

Defendants subsequently filed the Motion to Dismiss. ECF 38. Plaintiff responded by characterizing a number of court actions as "erroneous", including the dismissal of his First Summary Judgment Motion. ECF 40.

On September 17, 2019, plaintiff again filed for summary judgment. ECF 42. He asserts that "he will no longer communicate with Judge Hollander or defendant(s) [sic] attorneys." ECF 42 at 2. Defendants oppose the Summary Judgment Motion. ECF 43. They observe that "the Court had denied [plaintiff's] original summary judgment motion as premature and had expressly warned that any motions for summary judgment should be filed 'after the completion of discovery.'" *Id.* at 2. They also point out that, "as of the date of this filing, Plaintiff still has not contacted defense counsel to arrange for his deposition and has not complied with any other aspects of Judge Coulson's discovery order of April 4, 2019." *Id.* at 1.

## II. Discussion

### A. Motion for Summary Judgment

As noted, plaintiff has filed his second prediscovery summary judgment motion. ECF 42. He asserts that, under Fed. R. Civ. P., he may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action." ECF 40, ¶ 2. But, he ignores the import of the Amended Scheduling Order and other orders of this Court.

Rule 56(b) allows a party to "file a motion for summary judgment at any time until 30 days after the close of discovery." But, it specifically provides that this time frame applies "[u]nless a different time is set by local rule *or the court orders otherwise*. . . ." Fed. R. Civ. P. 56(b) (emphasis added). Here, the Court ordered otherwise.

The Amended Scheduling Order set dates of March 1, 2019, for the completion of discovery, and April 1, 2019, for the filing of dispositive motions. ECF 12 at 3, 4. Clearly, the parties were supposed to engage in discovery before moving for summary judgment. A court's scheduling order "'is not a frivolous piece of paper, idly entered." *Cunney v. Patrick Communications, LLC*, No. JKB-13-2519, 2015 WL 6783010, at *3 (D. Md. Nov. 6, 2015) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999)). Rather, "[s]cheduling orders are necessary tools in managing the district court's caseload . . . ." *Potomac Elec. Power Co.*, 190 F.R.D at 377. And, because of the lack of discovery, by Order of March 18, 2019 (ECF 24), the deadline for summary judgment motions was extended to 45 days after completion of discovery.

Plaintiff's Summary Judgment Motion is plainly premature. Orders were issued to plaintiff, directing him to engage in discovery, but he has ignored them. Plaintiff has not sat for a deposition, nor has he supplied the requested documents and interrogatory responses. He cannot

7

categorically deny defendants the opportunity to explore his claims. Ironically, he complains that he has not been afforded due process, but clearly he seeks to deny defendants the process that they are due.

Notably, plaintiff was informed that the Court would not consider a summary judgment motion before completion of discovery, and he was advised of "his obligation to participate in discovery." ECF 37 at 4. *See Putney v. Likin*, 656 Fed. App'x 632, 639 (4th Cir. 2016) (per curiam) (quoting *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014)). He was also warned of the consequence of failure to comply. Therefore, I will deny the Summary Judgment Motion.

In their Opposition to the Summary Judgment Motion, defendants "request that the Court enter an order directing Plaintiff to pay the attorneys' fees that Defendants have incurred in preparing this opposition to his second motion for summary judgment." ECF 43 at 2. The Fourth Circuit applies the American Rule in regard to the recovery of legal fees. *See, e.g.*, *United Food & Comm. Workers, Local 400 v. Marvel Poultry Co.*, 876 F.2d 346, 350 (1989) ("Without... express contractual or statutory authorization, courts generally adhere to the American Rule which requires each party to bear its own litigation costs, including attorney's fees.").

Because plaintiff has brought an action under 42 U.S.C. § 1981, his case falls into a statutory exception, the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b). Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." *See generally Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983). The Supreme Court has held that "§ 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or

without foundation.'" *Fox v. Vince*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 416, 421 (1978).

Plaintiff also brings his action under "Maryland Employment Law 7.07." ECF 1 at 9. He appears to rely on a section from a book (Stanley Mazaroff and Todd Horn, MARYLAND EMPLOYMENT LAW, 2d ed. 2001), not the Maryland Code. Generally, Maryland follows the "American Rule": "a prevailing party is not awarded attorneys' fees 'unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution.'" *Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (quoting *Thomas v. Gladstone*, 386 Md. 693, 699, 874 A.2d 434, 437 (2005)).

I decline to award legal fees and costs to defendants under § 1988 (b). For one thing, dismissal is not on the merits. Further, defendants have not provided information as to the particulars of their fee request, such as the time expended in preparing the Motion to Dismiss. To the extent that defendants request an award of fees (ECF 43 at 2), the request is denied.

### B. Motion to Dismiss

Defendants seek dismissal of plaintiff's case, pursuant to Fed. R. Civ. P. 41(b). That rule states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, the rule provides that, "[u]nless the dismissal order states otherwise," a dismissal under the rule "operates as an adjudication on the merits." *Id.*

In order to evaluate whether dismissal under Rule 41(b) for failure to prosecute is appropriate, the Fourth Circuit has articulated a four-factor test: a court must consider: "(1) the

9

plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). The Fourth Circuit has said: "While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. 'Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (citation omitted). Therefore, only "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

In analyzing the factors, I incorporate here what I have already stated in regard to the facts.

With respect to the first factor, a "dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for the attorney's behavior." *Id.* In this case, plaintiff is self-represented. "Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with. . . procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N.C. at Charlotte*, No. 3:08–CV–166–RJC–DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 94 (4th Cir. 1989)). Because plaintiff is representing himself, he is responsible for compliance with rules of court and for prosecution of his case. *See, e.g.*, *Arnett v. Prince George's County*, Civ. No. AW–02–3861, 2004 WL 3313218, at *2 (D. Md. July 29, 2004) (dismissing for lack of prosecution under Rule 41(b) where, among other factors, "the Plaintiff is proceeding pro se, and thus, is solely

responsible for the delay that has been caused in his case"). The first factor thus weighs in favor of dismissal.

As to the second factor, plaintiff has refused to submit to a deposition, despite Judge Coulson's Order (ECF 29 at 2) and my Order. ECF 36. Further, plaintiff has failed to provide complete interrogatory responses or document production, as ordered. Defendants cannot litigate the case in the dark. "'The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available.'" *Adams v. Md. Mgmt. Co.*, Civ. No. WDQ–11–2408, 2013 WL 142074, at *2 (D.Md. Jan. 10, 2013) (citation omitted).

The third *Hillig* factor likewise weighs in favor of dismissal. Plaintiff has flagrantly ignored court orders to participate in discovery. Every effort has been made to induce plaintiff's compliance. No monetary sanctions were imposed for his non-compliance with court orders. Nevertheless, he has consistently refused to respond to defendants' discovery requests. ECF 42 at 2. *See, e.g.*, *Tyler v. Amtrak*, No. PJM 15-1666, 2016 WL 592773 (dismissing with prejudice where plaintiff had failed to respond to discovery requests and failed to attend a deposition).

As to the fourth *Hillig* factor, plaintiff has been warned by the Court that continued refusal to participate in the discovery process would result in dismissal of this case. ECF 37 at 4. He has continued to ignore orders to participate in discovery, instead filing another premature motion for summary judgment. In this case, "less drastic sanctions serve little pragmatic purpose." Arnett, 2004 WL 3313218, at *3.

In light of plaintiff's near-wholesale failure to respond to the defense's discovery requests or otherwise to prosecute the action, other than to file premature summary judgment motions, the

case simply cannot proceed. Plaintiff has demonstrated that he is unwilling to participate in discovery.

Under the circumstances, I must conclude that dismissal without prejudice is appropriate. An Order follows.

### III. Conclusion

For the aforementioned reasons, I shall deny plaintiff's Summary Judgment Motion (ECF 42) and I shall grant defendants' Motion to Dismiss (ECF 38), without prejudice.

Date: October 31, 2019                            /s/
                                                  Ellen L. Hollander
                                                  United States District Judge